IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>TRAMELLE YOUNG, )<br>)<br>    Petitioner. ) | Criminal No. 3:08CR518–HEH |

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2255 Motion)**

Tramelle Young, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence ("§ 2255 Motion," ECF No. 39).[1] The Government has moved to dismiss on the ground that Young's § 2255 Motion is barred by the statute of limitations. (ECF No. 42.) Young has not responded. For the reasons set forth below, the Government's Motion to Dismiss will be granted, and Young's § 2255 Motion will be denied.

## I. PROCEDURAL HISTORY

On December 15, 2008, a grand jury charged Young with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Indictment 1, ECF No. 1.) On March 5, 2009, Young pled guilty to the one-count Indictment. (Plea Agreement ¶ 1, ECF No. 28.) Prior to sentencing, a Probation Officer determined that Young "[did] not qualify for a sentence enhancement under the Career Offender,

---

[1] The Court employs the pagination assigned to Young's § 2255 Motion by the CM/ECF docketing system. The Court corrects the spelling and capitalization in quotations from Young's § 2255 Motion.

Criminal Livelihood, Armed Career Criminal or Repeat and Dangerous Sex Offender sections, as defined in Chapter 4, Part B, of the Sentencing Guidelines." (Pre-Sentence Investigation Report ("PSR") ¶ 55.) On June 22, 2009, the Court entered judgment against Young and sentenced him to 120 months of imprisonment. (J. 2, ECF No. 36.) Young did not appeal.

On June 24, 2016, Young placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 12.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Young raises the following claims for relief:

> Claim One: "In light of *Johnson v. [United States*, 135 S. Ct. 2551 (2015)], the District Court erred in applying the modified categorical approach in determining whether defendant's prior assault and battery of a high and aggravated nature (ABHAN) conviction under." (§ 2255 Mot. 4.)
>
> Claim Two: "Erroneous application of guidelines." (*Id.* at 5.)
>
> Claim Three: "U.S. Sentencing Guidelines dealing with juvenile adjudication." (*Id.* at 6.)
>
> Claim Four: "Ineffective assistance of counsel." (*Id.* at 8.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f)　A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> 　　(1)　the date on which the judgment of conviction becomes final;

2

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Because Young did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Monday, July 6, 2009, the last date to file an appeal. *See United States v. Clayton*, No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Young had until Tuesday, July 6, 2010 to file any motion under 28 U.S.C. § 2255. Because Young did not file his § 2255 Motion until June 24, 2016, the motion is untimely under 28 U.S.C. § 2255(f)(1).

### B. Belated Commencement

Young contends that his § 2255 Motion is timely under 28 U.S.C. § 2255(f)(3) because the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551

3

(2015), is a new right that is retroactively applicable to cases on collateral review. (§ 2255 Mot. 4–6, 10.)

In order to obtain a belated commencement of the limitation period under § 2255(f)(3), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358–59 (2005) (emphasis added). Under that provision, "[t]he meaning of 'right asserted' in 28 U.S.C. § 2255[(f)](3) is the substantive right that forms the basis for the § 2255 motion . . . ." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007).

Young is correct that the *Johnson* Court recognized a new right that is retroactively applicable to cases on collateral review. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[2] In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

4

that "*Johnson* announced a substantive rule of law that has retroactive effect in cases on collateral review." *Id.* at 1268. However, as noted *supra* in Part I, Young was never subject to a sentence enhancement under the ACCA. (PSR ¶ 55.) Because the Supreme Court's decision in *Johnson* has no effect on Young's case, Young cannot rely upon that decision to render his § 2255 Motion timely filed under 28 U.S.C. § 2255(f)(3). Thus, Young has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[3]

### III. CONCLUSION

For the foregoing reasons, Young's § 2255 Motion (ECF No. 39) will be denied. The Government's Motion to Dismiss (ECF No. 42) will be granted. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 17, 2017
Richmond, Virginia

---

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[3] Neither Young nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) & (4), or for equitable tolling.

5